# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KELLY RATLIFF, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:14-cv-621-WTL-TAB |
| | ) | |
| CAROLYN COLVIN, Acting | ) | |
| Commissioner of the Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## ENTRY ON JUDICIAL REVIEW

Plaintiff Kelly Ratliff requests judicial review of the final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner"), denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"). The Court now rules as follows.

## I. PROCEDURAL HISTORY

Ratliff filed her application for DIB on April 11, 2012, alleging disability beginning November 9, 2010, due, in large part to lower back pain and osteoporosis. Ratliff's application was initially denied on May 30, 2012, and again upon reconsideration on July 25, 2012. Thereafter, Ratliff requested a hearing before an Administrative Law Judge ("ALJ"). The hearing was held before ALJ John H. Metz in Indianapolis, Indiana on July 15, 2013. During the hearing, Eric C. Puestow, M.D., and Jack E. Thomas, Ph.D., testified as medical experts, and Michael L. Blankenship testified as a vocational expert. On August 9, 2013, the ALJ issued a decision denying Ratliff's application for benefits. The Appeals Council upheld the ALJ's decision and denied a request for review on November 29, 2013. This action for judicial review ensued.

## II. EVIDENCE OF RECORD

Ratliff's osteoporosis resulted in two separate lumbar fractures: one in January 2010, and another in 2013. Both were surgically repaired. According to Ratliff, her back pain continues to be extreme, and it limits here severely.

## III. APPLICABLE STANDARD

Disability is defined as "the inability to engage in any substantial gainful activity by reason of a medically determinable mental or physical impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of at least twelve months." 42 U.S.C. § 423(d) (1)(A). In order to be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. 42 U.S.C. § 423(d)(2)(A).

In determining whether a claimant is disabled, the Commissioner employs a five-step sequential analysis. At step one, if the claimant is engaged in substantial gainful activity, she is not disabled, despite her medical condition and other factors. 20 C.F.R. § 404.1520(b). At step two, if the claimant does not have a "severe" impairment (i.e., one that significantly limits her ability to perform basic work activities), she is not disabled. 20 C.F.R. § 404.1520(c). At step three, the Commissioner determines whether the claimant's impairment or combination of impairments meets or medically equals any impairment that appears in the Listing of Impairments, 20 C.F.R. pt. 404, subpt. P, App. 1, and whether the impairment meets the twelve-month duration requirement; if so, the claimant is deemed disabled. 20 C.F.R. § 404.1520(d). At step four, if the claimant is able to perform her past relevant work, she is not disabled.

§ 404.1520(f). At step five, if the claimant can perform any other work in the national economy, she is not disabled. 20 C.F.R. § 404.1520(g).

On review, the ALJ's findings of fact are conclusive and must be upheld by this Court "so long as substantial evidence supports them and no error of law occurred." *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," *id.,* and this Court may not reweigh the evidence or substitute its judgment for that of the ALJ. *Overman v. Astrue,* 546 F.3d 456, 462 (7th Cir. 2008). The ALJ is required to articulate only a minimal, but legitimate, justification for his acceptance or rejection of specific evidence of disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). In order to be affirmed, the ALJ must articulate his analysis of the evidence in her decision; while he "is not required to address every piece of evidence or testimony," he must "provide some glimpse into [his] reasoning . . . [and] build an accurate and logical bridge from the evidence to [his] conclusion." *Id.*

## IV. THE ALJ'S DECISION

At step one, the ALJ found that Ratliff had not engaged in substantial gainful activity since November 9, 2010, her alleged onset date. At step two, the ALJ concluded that Ratliff suffered from the following severe impairments: a history of compression factures to the lumbar spine and osteoporosis. At step three, the ALJ determined that Ratliff's severe impairments did not meet or medically equal a listed impairment. At step four, the ALJ concluded that Ratliff had the following residual functional capacity ("RFC"):

> [T]he claimant [can] lift and carry up to 20 pounds occasionally, and 10 pounds frequently. She can sit for eight hours in an eight-hour work day, and can stand and walk for six hours in an eight-hour work day. She can occasionally climb, balance, stoop, kneel, crouch, and crawl. She would need to avoid concentrated exposure to hazards.

3

Tr. at 38. Given this RFC, the ALJ concluded that Ratliff could perform her past relevant work as a director of nursing or as a medical instructor. Accordingly, the ALJ concluded that Ratliff was not disabled as defined by the Act from November 9, 2010, through the date of his decision.

## V. DISCUSSION

Ratliff argues that the ALJ failed to give appropriate weight to her treating Rheumatologist, Dr. Steven Neucks. The Court agrees that remand is warranted for further review of Dr. Neucks' opinions.

Dr. Neucks completed a "Physical Capacities Evaluation" for Ratliff on September 7, 2012.[1] Dr. Neucks opined that Ratliff could sit for one hour and stand/walk for one hour during an eight-hour workday. He further opined that Ratliff may lift/carry up to five pounds, balance, and reach above shoulder level occasionally, but she may never climb, stoop, kneel, crouch, or crawl. He opined that Ratliff cannot use her hands adequately for pushing and pulling or for repetitive motion tasks (writing, typing, assembly, etc.). Dr. Neucks also reported that Ratliff is moderately restricted from doing activities involving exposures to marked changes in temperature and humidity and dust, fumes, and gases, and she is totally restricted from doing activities involving unprotected heights, being around moving machinery, and driving automotive equipment. Lastly, Dr. Neucks opined that, due to Ratliff's medical condition, her medication and flares cause extreme fatigue. As a result of the foregoing, Dr. Neucks maintains that Ratliff is unable to work full-time, even in a sedentary position.

The ALJ concluded, however, that Dr. Neucks' opinions were "not reasonably well-supported by appropriate medical findings and . . . [were] not consistent with other substantial

---

[1] The record indicates that he first treated Ratliff on February 5, 2010.

evidence in the file." Tr. at 37. Thus, although he did not specifically state what weight was given to Dr. Neucks, the ALJ effectively gave no weight to the treating physicians' opinions.

Generally, a treating physicians' opinions are entitled to controlling weight:

A treating physician's opinion is entitled to controlling weight if it is supported by medical findings and consistent with substantial evidence in the record. If this opinion is well supported and there is no contradictory evidence, there is no basis on which the administrative judge, who is not a physician, could refuse to accept it. But once well-supported contradicting evidence is introduced, the treating physician's evidence is no longer entitled to controlling weight and becomes just one more piece of evidence for the ALJ to consider.

*Bates v. Colvin,* 736 F.3d 1093, 1099–100 (7th Cir. 2013). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require the ALJ to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009) (citing 20 C.F.R. § 404.1527(d)(2)).

Ratliff argues that the medical evidence in the record supports Dr. Neucks' opinions. The Court agrees that there is indeed some medical evidence in the record that supports Dr. Neucks' opinions. For example, on March 19, 2013, Dr. Eric Aitken performed a "Face-to-Fact Wheelchair Evaluation" and opined as follows:

Based on [Ratliff's] current functional limitations and significant gait abnormality it is felt that she would benefit from a motorized wheelchair to impair her function and independence both in the home and in the community. . . . She is unable to utilize a manual wheelchair due to the weakness in her upper extremities as well as her endurance limitations and posture.

Tr. at 621. Further, various imaging results indicate significant problems in with Ratliff's spine. Thus, the reasoning given by the ALJ for discrediting Dr. Neucks' opinions is not entirely supported. On remand, the ALJ should resolve this conflict. Additionally, on remand, the ALJ should specifically identify the weight given to Dr. Neucks' opinions and consider and discuss

the length, nature, and extent of Ratliff's treatment relationship with Dr. Neucks, the frequency of examinations, Dr. Neucks' specialty, the types of tests that were performed, and the consistency and supportability of Dr. Neucks' opinions in light of all the medical and non-medical evidence.

## VI. CONCLUSION

For the foregoing reasons, the decision of the Commissioner is **REVERSED** and this cause is **REMANDED** for further proceedings consistent with this Entry.

SO ORDERED: 4/29/15

_William T Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic communication.